UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AVERY MAHURIN,

    Plaintiff,

v.                                                                          CASE NO.:  6:16-cv-1766-Orl-18GJK

NAVIENT SOLUTIONS, INC. and
STUDENT ASSISTANCE CORP.,

    Defendant.
_____/

# COMPLAINT

COMES NOW, Plaintiff, AVERY MAHURIN, by and through the undersigned counsel, and sues Defendants, NAVIENT SOLUTIONS, INC., and STUDENT ASSISTANCE CORP., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA).

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. and STUDENT ASSISTANCE CORP. from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Orange County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Orange County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orlando, Orange County, Florida.

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) and 15 U.S.C. § 1692(a)(3).

10. Plaintiff is an "alleged debtor".

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, NAVIENT SOLUTIONS, INC. (hereinafter "Navient Solutions"), is a corporation with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Georgia and has a registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

13. Defendant, STUDENT ASSISTANCE CORPORATION (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

15. Navient Solutions and SAC are "creditor(s)" as defined by Florida Statute § 559.55(5).

16. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) ***-3478, and was the called party and recipient of Defendants' hereinafter described calls.

17. In or about September of 2015, Navient Solutions initiated its campaign of automated telephone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (888) 272-5543 and (607) 235-5095, and when those numbers are called, a recording begins that states: "Welcome to Navient, the new name in education loan servicing. Calls may be monitored or recorded for quality assurance or business purposes. Para espanol, marque ocho. For your security, please use the phone keypad to enter your social security or account number, followed by the pound sign."

18. In or about September of 2015, SAC initiated its campaign of automated telephone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (765) 637-0154, (585) 445-6802, (317) 550-5523, (866) 332-2879 and (317) 550-5548, and when those numbers are called, a live agent answers and states: "This is Student Assistance Corporation. This call may be monitored or recorded for quality assurance purposes."

19. Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number from Navient Solutions were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he would answer the phone, a prerecorded message would play stating we're calling concerning Navient student loans.

20. Upon information and belief, some or all of the calls made to Plaintiff's cellular telephone number from SAC were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received.

21. Furthermore, each of the calls at issue were placed by Navient Solutions and SAC using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. None of Navient Solutions' or SAC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

23. Navient Solutions and SAC attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

24. In or about January of 2016, due to the ceaseless barrage of phone calls received from Navient Solutions, Plaintiff answered a call from Defendant, met with a prerecorded message, held the line to be connected to a live agent, was eventually connected to a live agent, and requested that agent please note on his account that he has spoken with numerous agents and explained that he will pay when he can, and demanded that Defendant cease placing calls to his cellular telephone number.

25. In or about January of 2016, due to the ceaseless barrage of phone calls received from SAC, Plaintiff answered a call from Defendant, was connected to a live agent, and requested that the agent please note on his account that he has spoken with numerous agents and

explained that he will pay when he can, and demanded that Defendant cease placing calls to his cellular telephone number.

26. During the aforementioned January of 2016 phone conversations with Navient Soltuions' and SAC's agent/representative, Plaintiff expressly revoked any consent Navient Solutions and SAC may have believed they had concerning the placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

27. Each subsequent call Navient Solutions and SAC made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

28. Each subsequent call Navient Solutions and SAC made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

29. Again, on or around April 6, 2016, due to continued calls to his aforementioned cellular telephone number from Navient Solutions, Plaintiff answered a call from the Defendant, met with a prerecorded message, held the line to be connected to an agent/representative, was eventually connected to an agent/representative, explained to the agent/representative that he previously requested they stop calling his cellular telephone, expressed that he was getting frustrated with all of the telephone calls, told the agent that if there's anything Defendant could do to stop the phone calls to please do so, and again demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

30. On at least three (3) separate occasions, Plaintiff has answered a call from Navient Solutions, been met with a prerecorded message, held the line to speak to a representative, and demanded that Defendant cease placing calls to his cellular telephone number. His principal

reason for answering these calls and making these demands of Navient Solutions was the cumulative injury and annoyance he suffered from the calls placed by Navient Solutions. These injuries are further described below in paragraphs 37 through 43 and 51 herein.

31. On at least three (3) separate occasions, Plaintiff has answered a call from SAC, held the line to speak to a representative, and demanded that Defendant cease placing calls to his cellular telephone number. His principal reason for answering these calls and making these demands of SAC was the cumulative injury and annoyance he suffered from the calls placed by SAC. These injuries are further described below in paragraphs 44 through 51 herein.

32. Each of Plaintiff's conversations with Navient Solutions and SAC demanding an end to the harassment were ignored.

33. Despite actual knowledge of their wrongdoing, Navient Solutions and SAC continued the campaign of abuse, calling the Plaintiff despite not having his express consent to call his aforementioned cellular telephone number.

34. From about January of 2016 through the filing of this Complaint, Navient Solutions has made over three hundred (300) calls to Plaintiff's cellular telephone number, or as will be established after a thorough review of Defendant's records. (Please see attached **Exhibit "A"** representing a non-exclusive call log of eighty-one (81) calls from April 11, 2016 to May 25, 2016).

35. From about January of 2016 through the filing of this Complaint, SAC has made over two hundred (200) calls to Plaintiff's cellular telephone number, or as will be established after a thorough review of Defendant's records. (Please see attached **Exhibit "B"** representing a non-exclusive call log of thirty-seven (37) calls from June 1, 2016 to June 24, 2016).

36. Navient Solutions intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

37. From each and every call placed without consent by Navient Solutions to the Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

38. From each and every call placed without consent by Navient Solutions to the Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the phone was ringing from Navient Solutions' call.

39. From each and every call placed without consent by Navient Solutions to the Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time.  For calls he answered, the time he spent on the call was unnecessary.  Even for unanswered calls, the Plaintiff had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without consent by Navient Solutions to the Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff.  For calls that were answered, the Plaintiff had to go through the unnecessary trouble of answering them.  Even for unanswered calls, the Plaintiff had to address the missed calls notifications and call logs reflecting the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without consent by Navient Solutions to the Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42. Each and every call placed without consent by Navient Solutions to the Plaintiff's cell phone resulted in the injury of a trespass to the Plaintiff's chattel, namely his cellular phone and his cellular phone services.

43. As a cumulative result of Navient Solutions' campaign of unlawful calls to Plaintiff's aforementioned cellular telephone number, Plaintiff suffered the injuries of annoyance, anxiety, intimidation, and emotional distress.

44. From each and every call placed without consent by SAC to the Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

45. From each and every call placed without consent by SAC to the Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the phone was ringing from SAC's call.

46. From each and every call placed without consent by SAC to the Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time.  For calls he answered, the time he spent on the call was unnecessary.  Even for unanswered calls, the Plaintiff had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

47. Each and every call placed without consent by SAC to the Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, the Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, the Plaintiff had to address the missed calls notifications and call logs reflecting the unwanted calls. This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

48. Each and every call placed without consent by SAC to the Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

49. Each and every call placed without consent by SAC to the Plaintiff's cell phone resulted in the injury of a trespass to the Plaintiff's chattel, namely his cellular phone and his cellular phone services.

50. As a cumulative result of SAC's campaign of unlawful calls to Plaintiff's aforementioned cellular telephone number, Plaintiff suffered the injuries of annoyance, anxiety, intimidation, and emotional distress.

51. Further, Plaintiff suffers from a serious heart condition and was expressly directed by his physician to avoid stress. Plaintiff's condition has been exasperated due to the stress caused by Navient Solutions' and SAC's ceaseless barrage of telephone calls to his cellular telephone number.

52. Navient Solutions and SAC have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Navient Solutions or SAC to remove the number.

53. Navient Solutions and SAC have a corporate policy structured so as to continue to call individuals like Plaintiff, despite these individuals explaining they do not wish to be called.

54. Navient Solutions' and SAC's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from their call lists.

55. Navient Solutions and SAC have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

56. Navient Solutions and SAC have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

57. Navient Solutions and SAC have had numerous complaints against them from consumers across the country asking to not be called; however, Navient Solutions and SAC continue to call these individuals.

58. Navient Solutions and SAC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

**COUNT I**
**NAVIENT SOLUTIONS, INC.**
**(Violation of the TCPA)**

59. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60. Defendant, Navient Solutions, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

61. Defendant, Navient Solutions, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, treble damages, punitive damages, actual damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

<u>**COUNT II**</u>
**NAVIENT SOLUTIONS**
**(Violation of the FCCPA)**

62. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

63. At all times relevant to this action, Defendant, Navient Solutions, is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

64. Defendant, Navient Solutions, has violated Florida Statute § 559.72(7) by willfully communicating with the alleged debtor or any member of his family with such frequency as can reasonably be expected to harass the alleged debtor or his family.

65. Defendant, Navient Solutions, has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his family.

66. Defendant's, Navient Solutions', actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court

may deem just and proper.

## COUNT III
### STUDENT ASSISTANCE CORPORATION
**(Violation of the TCPA)**

67. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

68. Defendant, SAC, willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

69. Defendant, SAC, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, treble damages, punitive damages, actual damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### STUDENT ASSISTANCE CORPORATION
**(Violation of the FCCPA)**

70. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

71. At all times relevant to this action, Defendant, SAC, is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

72. Defendant, SAC, has violated Florida Statute § 559.72(7) by willfully

communicating with the alleged debtor or any member of his family with such frequency as can reasonably be expected to harass the alleged debtor or his family.

73. Defendant, SAC, has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his family.

74. Defendant's, SAC's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Shaughn C. Hill*
Shaughn C. Hill, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 105998
Attorney for Plaintiff
SHill@ForThePeople.com